IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Zikomo Z. Hendrix, ) | C/A No. 8:24-cv-07056-DCC |
| a/k/a Hendrix Z. Zikomo, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Matthew P. Head, Richard J. Steven, ) | |
| Judge Rochelle Y. Conits, Richard ) | |
| Whitney Allen, Henry McMaster, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's complaint and attachment alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On December 12, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance and service of process. ECF No. 8. Plaintiff filed objections and a motion to expedite. ECF Nos. 10, 12.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary dismissal because the action is duplicative, Plaintiff has not alleged facts showing Defendants' direct involvement in any alleged unconstitutional conduct, Defendants are not subject to suit under 42 U.S.C. § 1983 or are immune from suit, Plaintiff fails to allege facts to support a plausible claim for relief, and because abstention is appropriate pursuant to the *Rooker-Feldman* and *Younger* abstention doctrines. ECF No. 8.

In his objections, Plaintiff contends that Judge Brown has a "bias[ed] opinion." ECF No. 10. He asserts that abstaining from deciding this action on the merits would be "turn[ing] a blind eye." *Id.* He states that "no living breathing 'Person' a[]live is 'Immune from Federal Violation.'" *Id.* Plaintiff further makes various allegations that there were errors in his family court case and that his fundamental rights as a parent have been

2

violated. *Id.* Significant portions of his objections and the attachment are difficult to interpret and appear to be rooted in sovereign citizen theory.[1]

As explained in more detail by the Magistrate Judge, abstention is appropriate in this case to the extent Plaintiff challenges the validity of the family court's prior rulings or is seeking relief pursuant to any currently pending family court proceedings. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (applying *Rooker-Feldman* and holding that "[u]nder either the 'actually decided' or the 'inextricably intertwined' prong, the principle is the same: '[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994))); *Briggman v. Virginia, Dep't of Soc. Servs., Div. of Child Support Enf 't*, 526 F. Supp. 2d 590, 604 (W.D. Va. 2007) (explaining the plaintiff's federal law claims were barred by the *Younger* abstention doctrine to the extent he was involved in state court proceedings for non-payment of child support). Accordingly, these objections are overruled.[2]

Moreover, several of the Defendants listed are entitled to immunity. Family Court Judge Rochelle Y. Conits is entitled to judicial immunity and Attorney Richard Allen is

---

[1] Because Plaintiff filed objections, the Court's review has been de novo.

[2] With respect to Plaintiff's allegation that Judge Brown is biased against him, he points to no evidence or even factual allegations to support this opinion beyond, presumably, the Report recommending dismissal of this action. Liberally construing Plaintiff's filings, the Court does not believe that he is requesting recusal of Magistrate Judge Brown.

3

entitled to prosecutorial immunity because the basis for the allegations against them arises out of the scope of their duties. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (recognizing that judges have absolute immunity from claims for damages arising from their judicial actions); *Garcia v. S.C. DSS*, C/A No. 3:24-cv-682-MGL-SVH, 2024 WL 898863, at *2 (D.S.C. Mar. 1, 2024), *Report adopted by*, 2024 WL 4601359 (D.S.C. Oct. 29, 2024) ("DSS attorneys are entitled to absolute immunity in their prosecutorial roles."). Accordingly, Plaintiff's objections are overruled.[3]

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without issuance and service of process and without leave to amend.[4]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 26, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] Any portion of the Report not specifically addressed above has also been reviewed de novo and, upon such review, the Court agrees with the recommendation of the Magistrate Judge.

[4] The motion to expedite [12] is **FOUND as MOOT**.